IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN W. MANN,
    Plaintiff,

vs.                                              Case No.: 5:13cv175/WS/EMT

WARDEN CHURCHWELL,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's "Emergency Motion for a Restraining Order," received by this court on May 28, 2013 (doc. 8). Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), commenced this action on April 29, 2013, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). He names Mr. Churchwell, Warden of the Northwest Florida Reception Center ("NWFRC"), as the sole Defendant (*id.*). In his complaint, Plaintiff alleges he arrived at NWFRC on April 16, 2013, and was assigned to the "protection unit" (*id.* at 2). He alleges he was assigned to protective management status because his brother is an agent with the federal Drug Enforcement Agency, he has other family members in law enforcement, and three gang members attempted to kill and beat him (*id.* at 1–2). Plaintiff alleges upon his arrival at NWFRC, his medications, walking cane, and "medical shoes" were confiscated (*id.* at 1–2). He alleges a nurse eventually brought him a walker, but in the two (2) weeks since his arrival, he has not received his medications, specifically, a laxative, aspirin, hemorrhoidal ointment, hydrocortisone, suppositories, allergy pills, and medicated shampoo (*id.* at 2). He also alleges he has not received medical attention for his difficulty walking, numbness from his right hip to his foot, numbness to the right side of his face, a cyst on the right side of his head, fungus under his toenails, styes on his eyelids, and feeling "feeble to the point of being faint" (*id.*). Plaintiff alleges he is suffering these deprivations because he is a "whistle blower," and caused several correctional officers at another


institution to be fired and the institution to be closed (*id.* at 3). Plaintiff also alleges he is being denied forms for filing sick call requests and informal and formal grievances (*id.* at 3). Plaintiff additionally alleges the ventilation system in his housing until has been broken since his arrival (*id.* at 4). As relief, Plaintiff seeks transfer to the "Lois De Berry Special Needs Facility" in Nashville, Tennessee, because Tennessee is "truly a protection state" (*id.* at 1, 4).

In the instant motion for an emergency restraining order, which Plaintiff submitted to prison officials for mailing on May 22, 2013, Plaintiff alleges he is going to be "seriously harmed or even killed" at the direction of correctional officers at NWFRC (doc. 8 at 1–2). He alleges Officer Linear told him, "I'd rather see you dead and hanging" (*id.* at 1). He alleges the next day, Officer Linear placed a known homosexual inmate, who is twice Plaintiff's size and half his age, in Plaintiff's cell to beat and sexually molest him (*id.*). Plaintiff alleges he told the captain, who moved the inmate to another cell, but as soon as Officer Linear came back on duty, he moved the same inmate back into Plaintiff's cell (*id.*). Plaintiff alleges another captain promptly moved the inmate out of Plaintiff's cell (*id.*). Plaintiff alleges both times Officer Linear placed the other inmate in his cell, Linear stated, "Do what you have to do. I will be back in thirty minutes." (*id.*). Plaintiff alleges on May 18, 2013, he "declared protection" from Officer Linear, under the Prisoner Rape Elimination Act; however, Linear is still harassing him by sometimes failing to feed him, failing to give him his medically prescribed diet when he is on duty, and, on one occasion, placing a pill in his food (*id.* at 1–2). Plaintiff alleges he has attempted to speak to "anybody in administration" through verbal requests and requests written on plain sheets of paper (since grievance forms are not available), but his requests have been ignored (*id.* at 2).

Rule 65 of the Federal Rules of Civil Procedure provides, in relevant part:

**(b) Temporary Restraining Order.**

**(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; . . .

. . . .

Case No.: 5:13cv175/WS/EMT

> **(c) Security.** The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

Fed. R. Civ. P. 65(b), (c).

Plaintiff has not met any of the requirements of Rule 65. First, Plaintiff has not set forth his factual allegations in an affidavit or verified complaint (neither Plaintiff's complaint nor his motion included a declaration under penalty of perjury that the facts stated therein were true and correct). Second, Plaintiff failed to provide security, as required by Rule 65(c), and he failed to set forth facts on which the court may make a reasoned determination as to the amount of security which must be posted. Certainly the FDOC would incur costs if the court granted the relief Plaintiff requests, that is, transferring him to a correctional facility in Tennessee. The Eleventh Circuit held that this procedural failure constitutes grounds to deny a party's request for injunctive relief. *See* Jones v. Brown, No. 12-13870, 2013 WL 1760625, at *1 (11th Cir. Apr. 25, 2013) (unpublished). Further, Plaintiff has cited no authority for the proposition that this court may essentially vacate a state court order remanding him to the custody of the FDOC, and order an agency in another state, specifically, the Tennessee Department of Corrections, to take custody of him.

Third, Plaintiff failed to satisfy his burden of demonstrating he will suffer immediate and irreparable injury, loss, or damage if immediate, ex parte relief is not granted. Plaintiff acknowledges that the inmate who Officer Linear allegedly placed in his cell to assault him was immediately removed, thus obviating any risk of harm. Further, Plaintiff's allegations suggest he has not given Warden Churchwell or FDOC officials an opportunity to remedy the alleged constitutional deprivations. The grievance procedures promulgated by the FDOC provide for the filing of emergency grievances by inmates, which may be filed directly to the Central Office. *See* Fla. Admin. Code r. 33-103.007(6)(a). The grievances procedures provide that the Central Office must respond to emergency grievances within fifteen (15) days of receipt. *Id.*, r. 33-103.001(3)(d). Here, Plaintiff has provided no specific facts as to the dates he allegedly filed written inmate requests and to whom they were directed, nor has he alleged he took advantage of the emergency grievance procedures. Therefore, Plaintiff has failed to satisfy his burden of demonstrating he is entitled to an emergency temporary restraining order.

Case No.: 5:13cv175/WS/EMT

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Emergency Motion for a Restraining Order" (doc. 8) be **DENIED without prejudice**.

At Pensacola, Florida, this 31st day of May 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only**. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**