IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN W. MANN, Inmate #M07271,
     Plaintiff,

vs.                            Case No.:  5:13cv175/WS/EMT

CHURCHWELL, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff commenced this action on April 29, 2013, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1 at 6).  This matter is currently before the court on Plaintiff's Second Amended Complaint (doc. 34).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  Upon consideration, for the reasons given below the court recommends that this action be dismissed.

Because Plaintiff is a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the court must review the complaint and dismiss it if satisfied that the action "is (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A prisoner plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Harris v. Ci, No. 11-14690, 2012 WL 5907451,

at *1–2 (11th Cir. Nov. 27, 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); Jackson v. Fla. Dep't of Corr., No. 11-16047, 2012 WL 4711583, at *2 (11th Cir. Oct. 4, 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or condition of imprisonment); Shelton v. Rohrs, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit sua sponte for not disclosing all of information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to Florida Department of Corrections rule prohibiting possession of "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See* Kotzen v. Levine, 678 F.2d 140, 140 (11th Cir. 1982).

Section IV of the complaint form, titled "**PREVIOUS LAWSUITS,**" requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 34 at 4–5). Question B of Section IV asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (*id.* at 4). On the amended complaint form, in the parenthetical area for answering "Yes" or "No," Plaintiff marked "Yes" (*id.*). He then identified one case, Mann v. Guard Howl, et al., and states he filed it in the Middle District of Florida on June 6, 2013, and it is still pending (*id.*). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 5). Where there is a parenthetical area to mark either "Yes" or "No," Plaintiff marked "No" (*id.*). Question D of Section IV asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id.* at 5). Where there is a parenthetical area to mark either "Yes" or "No," Plaintiff marked "Yes" (*id.*). Question D continues, "If so, identify each and every case so dismissed" (*id.*). Plaintiff then disclosed one case: Mann v. Johnson, Case No. 2010-cv-20294-AJ, filed in February of 2010 in the Southern District of Florida (*id.*).[1]

Plaintiff thus stated that at the time he filed the instant case, he had <u>not</u> initiated any actions in **federal court** that related to the fact or manner of his incarceration or the conditions of his confinement, and he had <u>not ever</u> had any action in **federal court** dismissed as frivolous, malicious,

---

[1] In Case No. 1:10-cv-20294, Plaintiff filed two interlocutory appeals of orders of the district court in the United States Court of Appeals for the Eleventh Circuit, Case Nos. 12-13134-DD and 12-13372-DD (*see* attached Order of Dismissal). The Eleventh Circuit dismissed the appeals as frivolous on January 15, 2013 (*id.*). The Eleventh Circuit also designated Plaintiff a "three striker," pursuant to 28 U.S.C. § 15915(g), based upon the fact that the court had previously dismissed as frivolous at least five other civil appeals that Plaintiff brought in forma pauperis (*id.*).

failing to state a claim, or prior to service, except Case No. 2010-cv-20294-AJ. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 11).

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, April 29, 2013 (*see* doc. 1 at 6), he had previously filed Mann v. Tucker, Case No. 1:12-cv-23488-KMM, in the United States District Court for the Southern District of Florida.[2] Plaintiff was incarcerated at the time he filed Case No. 1:12cv23488-KMM, and the action related to the conditions of his confinement.[3] Plaintiff did not list Mann v. Tucker, Case No. 1:12-cv-23488-KMM in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Question C, and thus should have been included in Plaintiff's answer to that question.

Additionally, Plaintiff previously filed Mann v. Busk, Case No. 2:11-cv-14423-KMM, in the Southern District of Florida.[4] Plaintiff was incarcerated at the time he filed Case No. 2:11-cv-14423-KMM, and the action related to the conditions of his confinement.[5] The district court

---

[2] The inmate number of the plaintiff in Case No. 1:12-cv-23488-KMM (#M07271) matches Plaintiff's. That case was filed in September of 2012. *See* Mann v. Tucker, Case No. 1:12-cv-23488-KMM, Complaint, doc. 1 (M.D. Fla. Sept. 25, 2012).

[3] In his initial pleading, Plaintiff alleged he was attacked by three other inmates while he was housed at Martin Correctional Institution. *See* Mann v. Tucker, Case No. 1:12-cv-23488-KMM, Complaint, doc. 1 (M.D. Fla. Sept. 25, 2012). He alleged the attack occurred due to lack of supervision of inmates by correctional staff at Martin C.I. *Id.* He additionally alleged employees of the Florida Department of Corrections ("FDOC") ignored his grievances concerning the attack and failed to provide adequate medical treatment for his injuries. *Id.* Plaintiff claimed that his life was in danger and requested that the court order the FDOC to transfer him to the "Louis De Berry Special Needs Facility" in Nashville, Tennessee. *Id.*

[4] Again, the inmate number of the plaintiff in Case No. 2:11-cv-14423-KMM (#M07271) matches Plaintiff's. That case was filed in December of 2011. *See* Mann v. Busk, Case No. 2:11-cv-14423-KMM, Complaint, doc. 1 (S.D. Fla. Dec. 8, 2011).

[5] In his initial pleading, Plaintiff alleged the defendant employee of Okeechobee Correctional Institution interfered with his access to the inmate grievance process. *See* Mann v. Busk, Case No. 2:11-cv-14423-KMM, Complaint, doc. 1 (S.D. Fla. Dec. 8, 2011). He requested that the court order the FDOC to transfer him to the "Louis De Berry Special Needs Facility" in Nashville, Tennessee. *Id.*

dismissed the case for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See* Mann v. Busk, Case No. 2:11-cv-14423-KMM, Order, doc. 15 (S.D. Fla. Jan. 27, 2012) (adopting Report and Recommendation, doc. 9).  Plaintiff appealed the decision to the Eleventh Circuit, Case No. 12-10999, but the Eleventh Circuit dismissed the appeal as frivolous.  *See Id.*, Order of Dismissal, doc. 25 (S.D. Fla. Jan. 11, 2013).  Plaintiff did not list Mann v. Busk, Case No. 2:11-cv-14423-KMM in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answer to either of those questions.[6]

The information from Section IV of the complaint form is useful to the court in enforcing the "three strikes" provision of 28 U.S.C. § 1915(g).[7]  *See* Spires v. Taylor, Case No. 3:00cv249/RH, Order of Dismissal, doc. 10 (N.D. Fla. Oct. 27, 2000).  The information on the form also assists the court in determining whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  Requiring disclosure of previously filed cases on the complaint form relieves the court of the time-consuming task of combing the dockets of state and federal courts to identify cases previously filed by the plaintiff. This administrative benefit would be lost if plaintiffs were relieved of the obligation of identifying all previously filed cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching

---

[6] The court has identified seven (7) other cases that qualified as federal court actions that were responsive to either Question C or D, and thus should have been included in Plaintiff's answer to either of those questions; however, the court will not "beat a dead horse" by relating the identifying information for each of these additional cases.

[7] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff knew that an accurate disclosure of his litigation history was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.[8]  Yet Plaintiff failed to disclose nine cases he was required to disclose.  His failure to do so is all the more abusive in this instance, in light of his status as a three-striker and the Eleventh Circuit's advising him of such status less than four months before he initiated this action.  If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice (as discussed more fully *infra*).  *See* Spires, No. 3:00cv249-RH, Dismissal Order, doc. 10 (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances.").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this action be **DISMISSED WITHOUT PREJUDICE** as malicious and abusive of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.      That any pending motions be **DENIED as moot**.

3.      That the clerk be directed to close this file.

---

[8] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 34 at 4).

At Pensacola, Florida, this <u>12</u><sup>th</sup> day of December 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts,</u> 858 F.2d 698, 701 (11th Cir. 1988).